IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MARILYN HARDEN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | |
| JAMAR SMYTHE, et al., | * | Civil No. 24-02018-BAH |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Plaintiffs Marilyn Harden ("Harden"), Corena McQueen, and Correll McQueen, Jr. ("Plaintiffs") filed the above-captioned complaint against Defendants Jamar Smythe, Smythe Properties, LLC, and Baltimore Regional Housing Partnership ("BRHP"),[1] ECF 1, *pro se* together with a motion for leave to proceed in forma pauperis, ECF 2. Plaintiffs purport to bring an action arising under 42 U.S.C § 1983, alleging violations of the Rehabilitation Act, 29 U.S.C § 794 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, as well as the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. *See generally* ECF 1. Plaintiffs have also filed a motion to appoint counsel, *see* ECF 3, which is denied without prejudice.

28 U.S.C. § 1915(e)(2)(B) requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

---

[1] Plaintiffs filed their initial complaint, ECF 1, on July 12, 2024. On October 28, Plaintiffs filed additional correspondence clarifying that they were amending their complaint to exclude three individual employees of BRHP who were originally named in the initial complaint and substituting BRHP. *See* ECF 7.

from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, Plaintiffs' complaint fails to allege sufficient facts to form the basis of claims upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs are directed to show cause why the complaint should not be dismissed..

## II. Alleged Facts

Plaintiff Harden is the mother of two adult children, her co-Plaintiffs, who both "suffer from Autism [Spectrum Disorder ("ASD")]." ECF 1-1, at 2. Plaintiffs allege that one of the children requires round-the-clock care and the other, though "at the high end of the spectrum and able to care for himself in a limited capacity," still lives with Harden. *Id.* After living with another person, Harden and her children "wanted to move into a place of her own," in part because Harden required a "clean [and] comfortable home to recuperate from [a] major surgery." *Id.* "With the assistance of [BRHP]," Harden and her children found a home to rent on Lyndhurst Avenue in Baltimore. *Id.* The home was owned by Defendant Smythe. *Id.* "Upon moving into the rental home," Plaintiff Harden found it to be "not fit for human occupancy." *Id.* Plaintiffs allege it was "filthy," had dirty windows with no screens, had faulty electrical outlets, lacked a gas meter, had no heat, and had severe plumbing issues that resulted in the basement being "flooded . . . with raw sewage" and the residence being filled with a "repulsive smell." *Id.* at 2–3, 4–5. Plaintiffs also

2

allege that the yard was "filled with trash and old toys" left by previous occupants and alleges that "there was a rodent infestation from mice and rats entering through a space under the doors and spaces between the walls. *Id.* at 5. "It was clear to [Plaintiffs] that the residence was not up to [the] city code and should not have passed inspection by [BRHP]." *Id.* at 3. Due to the residence's state of disrepair, Plaintiffs allege that Harden "was unable to follow her doctor[']s orders and complete . . . 60 days of bedrest to properly heal from her surgery." *Id.* at 4.

Plaintiffs allege that Harden notified Defendant Smythe "of all the problems" with the residence "by way of numerous text messages and emails" and though Smythe "did not deny any of [her] complaints" and promised to make necessary fixes, he failed to adequately address the problems. ECF 1-1, at 5–6. Plaintiffs also allege that Defendant Smythe failed to promptly send a "crew to clean up the backed-up sewage in the basement" and forced Harden and her co-Plaintiff children "to shower, wash clothes, and prepare meals elsewhere." *Id.* at 7. Plaintiffs allege that the deficiencies with the property have raised her "anxiety and stress levels." *Id.*

Plaintiffs attach to their complaint a number of documents including what appears to be the report of an inspection of the Lyndhurst Avenue residence and an accompanying violation of the "Building, Fire and Related Codes of Baltimore City." ECF 1-4, at 1; ECF 1-5, at 1–4. Specifically, Plaintiffs attach a violation notice for "a defective drainpipe in a second floor bathroom." ECF 1-4, at 1 (Violation Notice Number 2213535A-1).[2] Additional attachments reflect that an inspection yielded additional violations for lights and outlets that failed to operate, a "toilet that doesn't work," as well as doors in need of flashing and weatherproofing. ECF 1-7, at 1–3.

---

[2] Plaintiffs appear to provide a duplicate of this violation notice in another attachment to the complaint. *Compare* ECF 1-4, at 1–4, *with* ECF 1-5, at 1–4.

3

### III. Discussion

In completing their *pro se* complaint form, Plaintiffs indicated that they were bringing suit against Defendants pursuant to 42 U.S.C. § 1983, ECF 1, at 3; ECF 1-1, at 3. Plaintiffs reference section 1983 in a section of the complaint entitled "jurisdiction," and also note several other alleged sources of federal jurisdiction including the FTCA, the ADA, and the Rehabilitation Act. ECF 1-1, at 3. Plaintiffs later list three "claims," including an allegation that Defendant Smythe was "criminally negligent" in refusing "to take care of his responsibilities to provide a humane environment to Plaintiffs" (count 1). ECF 1-1, at 7. Plaintiffs further allege that certain individuals failed to protect all three Plaintiffs from fire hazards and similarly failed to address the issued noted above (count 2). ECF 1-1, at 7–8. Plaintiff also alleges that a housing inspector was negligent in passing the rental property for inspection (count 3). *Id.* at 8. Plaintiffs later asked that the individuals noted in counts 2 and 3 be removed from the complaint and that BRHP be added to the complaint. ECF 7, at 1. The Court considers each of Plaintiffs' claims in turn.

### A. 42 U.S.C. § 1983

Pursuant to the well-pleaded complaint rule, facts supporting a basis for subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Indeed, courts are to assume that "a case lies *outside* [their] limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 277 (1994)) (emphasis in *Poole*). Moreover, the "burden of establishing subject matter jurisdiction" rests with the party who asserts such jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

4

Section 1983 authorizes suits against any "person" who acts under color of law and subjects a claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Importantly, section 1983 "is not itself a source of substantive rights" but provides only "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To the extent Plaintiffs seek to hold any of the private defendants (Defendants Smythe and Smythe Properties, LLC) liable for denial of their civil rights purportedly committed "under color of law," Plaintiffs have not alleged facts sufficient to establish that any private defendant's action can constitute state action. "It has been observed that 'merely private conduct, no matter how discriminatory or wrongful[,]' fails to qualify as state action." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (quoting *Mentavlos v. Anderson,* 249 F.3d 301, 301 (4th Cir. 2001)) (additional internal quotation marks and citation omitted). When assessing section 1983 claims brought against ostensibly private actors, courts must "consider the totality of the circumstances of the relationship between the private actor and the state to determine whether the action in question is fairly attributable to the state." *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 116 (4th Cir. 2022) (citing *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000)). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quoting *DeBauche v. Trani,* 191 F.3d 499, 507 (4th Cir. 1999)). The Fourth Circuit has summarized the necessary inquiry as testing whether there is "a sufficiently 'close nexus'" between a private actor and the state such that the actions of the former "may be

fairly treated" as those of the latter. *Mentavlos*, 249 F.3d at 314 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal citations omitted)).

As to the claims against Defendant Smythe and Smythe Properties, LLC, Plaintiffs have failed to allege facts from which the Court could conclude that any allegedly wrongful action on the part of these private defendants can be characterized as state action. As to the allegation that BRHP was acting under color of state law, the Court notes that ordinarily, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation was committed by a "*person*" acting under color of state law. *See* 42 U.S.C. § 1983. However, municipalities and local governments can be considered "persons" under section 1983 and may be sued directly for monetary relief, but only when the deprivation of a constitutional right is caused by "an official policy or custom." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). "Municipal policy may be found in written ordinances and regulations, . . ., in certain affirmative decisions of individual policymaking officials, . . . or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens." *Id.* (citations omitted). "Outside of such formal decisionmaking channels, a municipal custom may arise if a practice is so 'persistent and widespread' and 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Id.* (citing *Monell*, 436 U.S. at 691 (internal quotation marks omitted)). It is well-established that "that no municipality can 'be held liable under § 1983 on a *respondeat superior* theory.'" *Id.* (citing *Monell*, 436 U.S. at 691).

Even assuming BRHP qualifies as a "municipality" under prevailing law, Plaintiffs have failed to allege that any denial of a constitutional right by BRHP was the result of a pattern or practice, a policy, an ordinance, or was persistent and widespread. Even construing Plaintiffs'

complaint liberally, the Court fails to find an allegation that BRHP was responsible for any of the difficulties Plaintiffs faced beyond the claim that Plaintiffs received assistance from BRHP for twelve years, ECF 1-1, at 2, and BRHP allegedly erred in declaring that Plaintiffs' residence "passed inspection," *id.* at 3. Indeed, Plaintiffs clearly allege a failure on the part of *Defendant Smythe*, not BRHP, to adequately maintain Plaintiffs' residence. As such, Plaintiffs have failed to plead a violation of section 1983.

Even if Defendants may properly be considered state actors for the purposes of section 1983, the complaint does not establish a sufficient claim for liability under either the Constitution or a federal statute. Plaintiffs demand relief under three federal statutes—the FTCA, the ADA, and the Rehabilitation Act—yet none of these create rights that may be vindicated under section 1983. Courts in this district have held that plaintiffs may not assert section 1983 claims based on violations of the ADA or the Rehabilitation Act, on the grounds that both statutes create "a comprehensive remedial scheme."[3] *Lewis v. Bd. of Educ. of Kent Cnty.*, Civ. No. JFM-07-955, 2007 WL 2343659, at *1 (D. Md. Aug. 14, 2007) (citing *Henderson v. Gilbert,* Civ. No. JFM-06-1284, 2006 WL 1966797, at *1 (D. Md. July 10, 2006)). The FTCA, meanwhile, does not create any new right but merely permits plaintiffs to sue the United States for money damages in federal district court for torts committed by governmental employees acting within the scope of their office. *See* 28 U.S.C. § 1346(b)(1). Plaintiffs may therefore not utilize section 1983 as a means to pursue their claims under the ADA, Rehabilitation Act, or FTCA.

---

[3] Such an approach is in keeping with that of other federal appellate courts that have also considered the issue. *See, e.g., Tri-Corp Housing Inc. v. Bauman*, 826 F.3d 446, 449 (7th Cir. 2016); *M.M.R.-Z. ex rel. Ramirez-Senda v. Puerto Rico*, 528 F.3d 9, 13 n.3 (1st Cir. 2008); *A.W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007).

B.      FTCA Claims

Plaintiffs claim to bring suit under the FTCA to redress "the wrongful acts and omissions and gross negligence of government employees." ECF 1-1, at 3.  The FTCA provides a limited waiver of the sovereign immunity of the United States, allowing a plaintiff to sue the United States for "monetary damages in compensation for injuries resulting from certain torts by 'any employee of the Government' acting within the scope of employment." *Harris-Reese v. United States*, 615 F. Supp. 3d 336, 361 (D. Md. 2022) (quoting 28 U.S.C. § 1346(b)).  As liability under the FTCA is predicated on the "law of the state where the negligent act occurred," the "underlying cause of action in an FTCA claim is derived from the applicable state law." *Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009).

Though the complaint does specifically allege that Defendants committed the tort of negligence, *see* ECF 1-1, at 7–8, Plaintiffs' FTCA claim has a number of other defects.  Plaintiffs have failed to name the United States as a defendant in this suit.  The United States, and not its agencies or employees, is "the only proper defendant" in a FTCA action. *Baird v. Haith*, 724 F. Supp. 367, 377 (D. Md. 1988) (citing 28 U.S.C. §§ 1346(b) and 2679(a)).  An FTCA claim brought against any other defendant apart from the United States "must be dismissed for want of jurisdiction." *Lewis v. United States*, 2024 WL 895112, at *2 (D. Md. Feb. 29, 2024) (quoting *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)).[4]

---

[4] If Plaintiffs' allegations are read to raise a traditional negligence claim under Maryland state law, the Court notes that Plaintiff has not alleged diversity of citizenship of the parties sufficient for the Court to conclude it has jurisdiction over any state law claims. *See* 28 U.S.C § 1332.  Although the Court could exercise supplemental jurisdiction over state law claims that are related to viable federal claims, *see* 28 U.S.C. § 1367(c)(3), such jurisdiction does not appear to be appropriate here given that Plaintiffs' federal claims suffer from multiple deficiencies.

8

Moreover, Plaintiffs have not alleged any facts to support the conclusion that BRHP, Smythe, or Smythe Properties, LLC, may be considered federal employees or agencies under the FTCA. The statute's definition of a "government employee" encompasses "officers or employees of any federal agency, members of the military or naval forces of the United States, . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Plaintiffs fail to provide any facts to support the inference that any Defendant should be considered a federal employee or agency or, in the alternative, that federal government so dominated the actions of the any defendant so as to warrant conceiving of them as federal employees under the FTCA, *see United States v. Orleans*, 425 U.S. 807, 814 (1976).

Even if Plaintiffs were able to cure both of the above-noted defects, they would still first be required to exhaust their administrative remedies before pursuing an FTCA lawsuit. The FTCA prohibits "claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). "Regulations promulgated pursuant to the FTCA provide that a claim is presented 'when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death.'" *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (citing 28 C.F.R. § 14.2(a)). Though Plaintiffs show that they lodged several complaints about poor living conditions with some Defendants, *see* ECF 1-1, at 5–6, and eventually reached out to the Housing Authority of Baltimore City and the Baltimore City Department of Housing and Community Development, *see* ECF 1-1, at 7, ECF 1-4, and ECF 1-5, they do not claim that they pursued their complaint with any relevant federal agency. Their FTCA claims would thus be

9

barred until such time as Plaintiffs exhaust available administrative remedies. *See Martin v. Comer*, No. 5:21-CT-3049-FL, 2022 WL 3443702, at *3 (E.D.N.C. Aug. 3, 2022) ("Because plaintiff did not plead that he complied with the FTCA's administrative exhaustion requirement, the court lacks jurisdiction to consider the FTCA claim against defendant."); *Cork v. United States Postal Serv.*, No. CV 22-3306 PJM, 2023 WL 3074901, at *2 (D. Md. Apr. 25, 2023) ("Accordingly, until Cork can show she timely exhausted her administrative remedies, her claims under Title VII and the FTCA must be dismissed for lack of subject matter jurisdiction.").

      C.    ADA and Rehabilitation Act Claims

In addition to the claims above, Plaintiffs also allege that Defendants violated the ADA and the Rehabilitation Act with respect to Plaintiffs Corena McQueen and Corell McQueen, Jr. (hereinafter referred to as Ms. McQueen and Mr. McQueen). *See* ECF 1-1, at 8. While Plaintiffs do not cite to a particular title of the ADA, they appear to bring their claim pursuant to Title II, which governs public services offered by state and local governments. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). As the analysis for claims arising under either statute "is substantially the same," courts may consider them in tandem. *White v. City of Annapolis*, 439 F. Supp. 3d 522, 542 (D. Md. 2020).

10

Under both the ADA and the Rehabilitation Act, a plaintiff must allege "that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005). Claims under either statute "may be pursued under three distinct grounds: '(1) intentional discrimination or disparate treatment; (2) disparate impact; and (3) failure to make reasonable accommodations.'" *Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 552 (D. Md. 2019) (quoting *A Helping Hand, LLC v. Balt. City*, 515 F.3d 356, 362 (4th Cir. 2008)).

Though Plaintiffs allege that Mr. McQueen and Ms. McQueen are both disabled due to ASD, *see* ECF 1-1, at 2, the complaint does not offer facts sufficient to sustain their claim under either the second or third prongs of the ADA and Rehabilitation Act analysis. Specifically, Plaintiffs have not alleged that Mr. McQueen and Ms. McQueen were otherwise entitled to receive the benefits of BRHP's housing program, nor that they were denied those benefits or otherwise discriminated against on the basis of their disability.[5] *See Constantine*, 411 F.3d at 498. Moreover, Plaintiffs have not sufficiently articulated grounds for relief based on any available theory under either statute, whether intentional discrimination, disparate impact, or failure to make reasonable accommodations. *See Brown*, 383 F. Supp. 3d at 552. Finally, Plaintiffs' complaint does not allege a basis on which to find that Defendants may be considered either public entities for ADA

---

[5] The two statutes have similar but distinct causation requirements. In order to succeed on a Rehabilitation Act claim, a plaintiff "must establish he was excluded 'solely by reason of' his disability; the ADA requires only that the disability was 'a motivating cause' of the exclusion." *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 462 (4th Cir. 2012) (quoting *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 489–69 (4th Cir. 1999)). As Plaintiffs have not alleged facts sufficient to establish causation under either standard, the Court need not further differentiate between Plaintiffs' ADA and Rehabilitation Act claims at this time.

purposes or recipients of federal financial assistance under the Rehabilitation Act. Ultimately, the complaint's conclusory statement that Mr. McQueen and Ms. McQueen are disabled does not, absent other facts, give rise to Defendants' liability under the ADA or the Rehabilitation Act. As such, Plaintiffs must show cause why their ADA and Rehabilitation Act claims should not be dismissed.

D. Motion to Appoint Counsel

Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent civil litigants in exceptional circumstances. *See Bailey-El v. Hous. Auth. of Balt. City*, 185 F. Supp. 3d 661, 670 (D. Md. 2016) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), aff'd in part, vacated on other grounds, 686 F. App'x 228 (4th Cir. 2017). Whether exceptional circumstances exist is a fact-specific determination. *See Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Exceptional circumstances exist when "a pro se litigant has a colorable claim but lacks the capacity to present it" and depend on "the type and complexity of the case, and the abilities of the individuals bringing it." *Id.* (first quoting *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978), then quoting *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)).

The Court understands that Plaintiffs are of limited means and some suffer from disabilities, thus making it particularly difficult to pursue their claims on their own. However, the Court finds that there are no exceptional circumstances here to warrant appointing counsel at this early stage of litigation where it is unclear if Plaintiffs have colorable federal claims. Plaintiffs are reminded that this Court is obliged to liberally construe self-represented pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Additionally, it cannot yet be determined if discovery, motions, settlement negotiations, or a trial will be necessary in this case, and no complaint has

been served on the defendants.  Thus, the motion for appointment counsel is denied without prejudice to raise the issue in the future.

## IV.    Conclusion

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990).  However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties.  Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021).  The Court will therefore direct Plaintiffs to show cause why their section 1983 complaint should not be dismissed.  Plaintiff is forewarned that failure to show cause will result in dismissal of the complaint without further warning.

For the reasons noted above, the Court directs Plaintiffs to show cause as to why their complaint should not be dismissed.  Plaintiffs are forewarned that failure to amend will result in dismissal of the complaint without further warning.

Accordingly, it is this 8th day of November, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.    Plaintiffs' motion to proceed in forma pauperis, ECF 2, is GRANTED;

2.    Plaintiffs' motion to appoint counsel, ECF 3, is DENIED WITHOUT PREJUDICE;

3. Plaintiffs are ORDERED to SHOW CAUSE by December 3, 2024 as to why their claims under 42 U.S.C. § 1983, ADA, FTCA, and the Rehabilitation Act should not be dismissed;

4. Plaintiffs ARE FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of this case without further notice and;

5. The Clerk SHALL PROVIDE a copy of this Memorandum and Order to Plaintiffs

/s/
Brendan A. Hurson
United States District Judge

14