IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MARILYN HARDEN ET AL., | * |
| Plaintiffs, | * |
| v. | * |
|  | *     Civil No. 24-2018-BAH |
| JAMAR SMYTHE ET AL., | * |
| Defendants. | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiffs Marilyn Harden, Corena McQueen, and Correll McQueen, Jr. ("Plaintiffs") filed the above-captioned complaint against Defendants Jamar Smythe, Smythe Properties, LLC, and Baltimore Regional Housing Partnership ("BRHP"), ECF 1, *pro se* together with a motion for leave to proceed *in forma pauperis*, ECF 2. On October 28, 2024, Plaintiffs filed an amended complaint identifying Baltimore Regional Housing Partnership as a defendant. ECF 7. Plaintiffs purport to bring claims pursuant to the Americans with Disabilities Act ("ADA"), Federal Tort Claims Act ("FTCA"), and the Rehabilitation Act. *See generally* ECF 1.

On November 19, 2024, the Court issued an order for Plaintiffs to show cause why their claims should not be dismissed. *See* ECF 9. In this order, the Court outlined several deficiencies with Plaintiffs' pleading, including failure to identify the proper defendant under the FTCA, failure to plead exhaustion of FTCA administrative remedies, and failure to plead facts that suggest Ms. McQueen and Mr. McQueen were discriminated against on the basis of their disabilities in violation of the ADA and the Rehabilitation Act. *Id.* at 8–9, 11. Plaintiffs were directed to respond by December 3, 2024. *Id.* at 14. On December 9, 2024, Plaintiff Harden filed correspondence she

characterizes as evidence related to her case and asked the Court to accept the documents despite their late submission. ECF 10, at 1.

The Court will accept and has reviewed the filing. However, Plaintiffs did not address the defects previously identified by the Court. Instead, they submitted dozens of documents, including email threads and lease agreements, that may provide support for their claims. *See, e.g.,* ECF 10-1, ECF 10-2, ECF 10-6. Upon reviewing these filings, however, the Court cannot infer any facts that would correct the deficiencies in Plaintiffs' complaint. Specifically, the documents do not name the United States as a defendant under the FTCA nor do they address whether the defendants should be considered government employees for the purposes of the FTCA. Moreover, none of the documents suggest that Plaintiffs Ms. McQueen and Mr. McQueen were entitled to receive housing program benefits or address whether they were denied such benefits on the basis of their disability in violation of the ADA or Rehabilitation Act. In its November 19, 2024 order, the Court explained that Plaintiffs were required to address these concerns, and the Court determines that Plaintiffs' most recent filing does not do so. Plaintiffs' complaint will therefore be dismissed, but without prejudice, so Plaintiffs may bring their complaint again if they are able to show that they have plausible claims under the federal laws they cite.

Accordingly, it is this 27th day of March, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) Plaintiffs' complaint is DISMISSED;

(2) The Clerk is DIRECTED to CLOSE the case; and

(3) The Clerk SHALL provide a copy of this Order to Plaintiffs.

/s/
Brendan A. Hurson
United States District Judge